**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Anthony Sodono, III
Michele M. Dudas
*Attorneys for Plaintiff, VoicePulse, Inc.,
Chapter 11 Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>VOICEPULSE, INC.<br><br>Debtor. | Case No. 16-25075 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 11 |
| VOICEPULSE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KETAN P. PATEL.<br><br>Defendant. | Adv. Pro. No. 16- |

**COMPLAINT FOR AVOIDANCE OF PREFERENTIAL PAYMENTS, BREACH OF CONTRACT, AND RELATED RELIEF**

VOICEPULSE, INC., Chapter 11 debtor and debtor-in-possession ("Debtor" or "Plaintiff"), by and through its counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., by way of Adversary Complaint against Ketan P. Patel ("Patel" or "Defendant"), respectfully avers as follows:

## PARTIES AND BACKGROUND

1. The Debtor was formed in April of 2003 by Ravi Sakaria ("Sakaria"). The Debtor provides voice over internet based telecom services ("Services").

2. At the time the company was formed, there was no real competition, and the Debtor was an innovator in this industry. Sakaria developed the concept and business model to provide residential customers with the Services and implemented the infrastructure to operate the system.

3. At the time the Debtor was formed, it had one other employee who assisted with the company's first working system.

4. Soon after the initial system was implemented, Sakaria hired Patel. Patel never invested any money into the Debtor and for all intents and purposes, was an employee.

5. On October 18, 2010, Patel initiated suit against the Debtor and Sakaria in the Superior Court of New Jersey, Middlesex County, Chancery Division, at Docket No. MID-C-208-10 ("Litigation"), and, among other allegations, asserted he had an ownership interest in the business.

6. It was a contentious and expensive lawsuit from the start. Faced with the costs associated with defending the Litigation, the uncertainty in the length of time and the outcome of the Litigation, and Sakaria's desire to focus his time and energy on the Debtor's business, Sakaria decided to settle with Patel by Settlement Agreement dated November 23, 2010 ("Agreement").

7. At the time the Agreement was entered into, there was no adjudication or final disposition by any Judge. The Agreement specifically provides that there is *no admission of liability*. The facts of the Litigation were in dispute.

8. The Agreement provides that there are confidentiality provisions, and also states that the parties will not disparage the other.

9. The Debtor and Sakaria, individually, paid certain substantial lump sum payments to Patel, and the Debtor has made monthly payments since January 1, 2012.

10. The Agreement also provided Patel with a security interest in the Debtor's assets, and a UCC-1 was issued.

11. Patel allowed the UCC-1 lien to lapse and is an unsecured creditor in this proceeding.

12. Some time after the Filing Date, Sakaria learned that Patel and his family members, including his father, Prahalad Patel, his mother, Kusum Patel and his wife, Bindi Patel, approached Sakaria's parents, sister and wife's family, to disclose various information and documentation that he obtained through discovery in the Litigation to discredit, belittle and embarrass Sakaria.

13. Furthermore, despite the fact that he is nothing more than an unsecured creditor in this proceeding, on September 9, 2016, Patel filed a "Limited Objection" to the Debtor's Motion for use of cash collateral.

14. The Limited Objection contained factually inaccurate and inflammatory information regarding alleged acts by Sakaria from more than six (6) years ago, which were all in dispute and which were protected from disclosure by the Agreement.

15. The Limited Objection was filed on the docket, reviewed by this Court, and served on the Office of the United States Trustee, as well as the Debtor's top twenty (20) unsecured creditors.

16. Patel knew, or should have known, that said actions would prejudice the value of the company to interested parties and buyers of the company, including certain creditors many of whom are continued vendors of the Debtor, and who may be voting on a Plan.

17. This was all done in a vicious attempt to smear Sakaria's reputation, devalue the business and paint Sakaria and the Debtor in an unfavorable light, with the intention to thwart this bankruptcy proceeding.

18. These calculated actions by Patel were a breach of the confidentiality and non-disparagement provisions of the Agreement.

19. Within the year from the Filing Date, Patel was paid $133,333.32 by the Debtor.

20. Patel is the first cousin of Sakaria, and has alleged that he had an ownership interest in the Debtor. Therefore, he is an "insider" of the Debtor.

21. Patel is an individual with an address at 8 Maple Street, Chatham, New Jersey, and may be served at that address.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

23. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. § 547, and 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and/or (O).

24. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1409(a).

## COUNT ONE
### (Avoidance of Insider Preferential Payments Pursuant to 11 U.S.C. § 547(b))

25. The Debtor repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein at length.

26. Patel is an insider of the Debtor by virtue of the fact that he is the first cousin of Sakaria. Although the Debtor disputes that Patel had an ownership interest in the Debtor, Patel is also an insider of the Debtor by virtue of his alleged prior ownership interest in the Debtor.

27. The Debtor made payments to Patel set forth in Exhibit "A" annexed in the aggregate amount of $133,333.32.

28. The Debtor made payments to Patel in the amount of $133,333.32 within one year of the Petition Date (the "Preference Payments").

29. The Preference Payments were made for the benefit of Patel, a creditor of the Debtor.

30. The Debtor made the Preference Payments on account of an antecedent debt owed to Patel.

31. The Debtor was insolvent at the time it made the Preference Payments to Patel.

32. The Preference Payments allowed Patel to receive more than he would have received through the administration of the Debtor's Estate under Chapter 7 of the Bankruptcy Code and/or had the Preference Payments not been made.

33. The Preference Payments constitute preferential transfers under 11 U.S.C. § 547(b).

**WHEREFORE**, the Debtor demands the following relief against Patel:

   a. Entry of judgment against the Defendant and in favor of the Debtor in the amount of $133,333.32;

b. An award of attorneys' fees and costs;

c. An award of pre-judgment and post-judgment interest; and

d. Such other and further relief as is just and appropriate.

## COUNT TWO
## (11 U.S.C. § 502)

34. The Debtor repeats and realleges each and every allegation contained above as if fully set forth herein.

35. Defendant has not turned over to the Debtor the Preference Payments.

36. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff is entitled to an order waiving, discharging and barring any claims that the Defendant may hold against the within estate.

**WHEREFORE**, Debtor demands that judgment be entered against Defendant:

a. For an order waiving, discharging and barring any claims which the Defendant may hold against Debtor's estate; and

b. For such other relief that this Court deems just, proper, and equitable.

## COUNT THREE
## (BREACH OF CONTRACT)

37. The Debtor repeats and realleges each and every allegation contained above as if fully set forth herein.

38. The Debtor, Sakaria and Defendant were parties to the Agreement.

39. The Agreement contains a confidentiality clause as well as a non-disparagement clause.

40. The Debtor acted in good faith throughout and during the term of the Agreement.

41. Patel breached the Agreement when he approached Sakaria's family members and asserting allegations protected by the confidentiality of the Agreement.

42. Patel breached the Agreement by filing the Limited Objection.

43. Both series of actions were in violation of the confidentiality and non-disparagement provisions of the Agreement.

44. The Debtor is damaged as a result of the Defendant's breach.

**WHEREFORE**, the Debtor respectfully requests that the Court enter judgment against Patel as follows:

    a. Granting the Debtor compensatory, incidental, and consequential damages;

    b. Requiring Defendant to disgorge any fees paid under the Agreement; and

    c. Granting such other and further relief as the Court deems just and equitable.

## COUNT FOUR
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

45. The Debtor repeats and reincorporates the allegations set forth above as if set forth at length herein.

46. Since entering into the Agreement, Patel has received the benefit of being paid hundreds of thousands of dollars under the Agreement.

47. Since entering into the Agreement, Patel has acted in bad faith by his intentional breach of the Agreement.

48. The Debtor has suffered damages as a result of Patel's breach of the implied covenant of good faith and fair dealing in the Agreement.

**WHEREFORE**, the Debtor respectfully requests that the Court enter judgment against Patel as follows:

    a. Granting Debtor compensatory, incidental, and consequential damages;

    b. Requiring Defendant to disgorge any fees paid under the Agreement; and

    c. Granting such other and further relief as the Court deems just and equitable.

## COUNT FIVE
## (UNJUST ENRICHMENT)

49. The Debtor repeats and reincorporates the allegations set forth above as if set forth at length herein

50. Defendant has been paid hundreds of thousands of dollars under the Agreement.

51. The Debtor recently learned of Defendant's conduct in breaching the Agreement.

52. Defendant has been unjustly enriched under the Agreement.

**WHEREFORE**, the Debtor respectfully requests that the Court enter judgment against Patel as follows:

    a. Granting the Debtor damages;

    b. Requiring Defendant to disgorge any fees paid under the Agreement; and

    c. Granting such other and further relief as the Court deems just and equitable.

## COUNT SIX
## (TORTIOUS INTERFERENCE WITH CONTRACTUAL
## RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE)

53. The Debtor repeats and reincorporates the allegations set forth above as if set forth at length herein.

54. Patel intentionally, maliciously and tortiously interfered with Debtor's business.

55. The Debtor has suffered damages or will suffer damages as a direct result of the intentional, malicious and tortious interference engaged in by the Defendant.

**WHEREFORE**, the Debtor respectfully demands judgment against Patel as follows:

a. To recover compensatory damages, punitive damages, attorneys' fees and costs,

b. To disgorge amounts paid under the Agreement; and

c. Such other and further relief as the Court deems just and equitable.

## COUNT SEVEN
## (SLANDER)

56. The Debtor repeats and reiterates each and every allegation above as if set forth at length herein.

57. Patel filed the Limited Objection knowing that it contained false and unsupported allegations.

58. Patel filed the Limited Objection causing it to be published to third parties.

59. The statements made by Patel in the Limited Objection supplied or approved false information that was designed to disparage the Debtor's and Sakaria's ability to properly conduct the Debtor's business.

60. The statements made by Patel were intended or recklessly had the effect of interfering with the Debtor's existing or potential business relationships with third parties including, but not limited to, any potential purchaser of the Debtor's assets and/or vendors or other parties to this bankruptcy proceeding.

61. Patel interfered with the Debtor's business relationships, destroying, among other things, good will and the enterprise value of the Debtor

62. The Debtor has suffered damages as a result of Patel's false statements.

63. Patel's statements constitute slander and defamation per se.

**WHEREFORE**, the Debtor seeks judgment against Patel as follows:

a. Granting the Debtor incidental, consequential, compensatory and punitive damages based on the false statements made by Patel and/or anyone acting on his behalf;

b. Any and all actual damages for the Debtor's lost revenue, income, expenses and costs caused by Patel's conduct;

c. Awarding the Debtor attorneys' fees and costs for defense and prosecution of the within action; and

d. For any other relief as the Court deems just and equitable.

## COUNT EIGHT
### (11 U.S.C. § 105)

64. The Debtor repeats and realleges each and every allegation contained above as if set forth at length herein.

65. Pursuant to Section 105 of the Bankruptcy Code, the Debtor is entitled to recover the Preference Payments from Patel.

**WHEREFORE**, Plaintiff demands that judgment be entered against Patel as follows:

a. For an Order requiring turnover of the Preferential Payments; and

b. Granting such other and further relief as is just and equitable.

## COUNT NINE
### (Fed. R. Bankr. P. 7008(b) and 7054)

66. The Debtor repeats and realleges each and every allegation contained above as if set forth at length herein.

67. The Debtor has incurred significant legal expenses in order to pursue the claims against the Defendant.

68. The Debtor is entitled to recover reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008 and 7054.

**WHEREFORE**, Debtor demands judgment against Patel as follows:

a. For an order allowing the Debtor to seek reasonable compensation for attorneys'

10

fees incurred in pursuing turnover of the Transfers, pursuant to Fed. R. Bankr. P. 7008 and 7054.

b. For damages, together with interest, and costs of suit; and

c. For such other and further relief as this Court deems just, proper, and equitable.

## COUNT TEN
### (Reservation of Rights)

69. The Debtor repeats and realleges each and every allegation contained above as if set forth at length herein.

70. The Debtor hereby expressly reserves the right to (i) commence any and all other causes of action that it may maintain on behalf of the estate against the Defendant, by amending this Complaint or by separate action, (ii) amend this Complaint to raise additional transfers between Debtor and the Defendant, and (iii) assert any available objections to any claims that the Defendant may have against Debtor and/or the estate.

**WHEREFORE,** Debtor demands judgment in its favor and against the Patel as follows:

a. Granting the relief as more fully set forth herein.

b. For such other relief that this Court deems just, proper, and equitable; and

> **TRENK, DiPASQUALE,
> DELLA FERA & SODONO, P.C.,**
> *Counsel to VoicePulse, Inc., Chapter 11
> Debtor and Debtor-in-Possession*

Dated: September 16, 2016

By: /s/ Anthony Sodono, III
ANTHONY SODONO, III

4843-8349-7272, v. 1